UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ALVIN RIVERS, | Case No. 4:22-cv-591 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| COMMANDER KENNETH KOUNTZ, | |
| Respondent. | |

**OPINION AND ORDER**

*Pro se* Petitioner Michael Alvin Rivers filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Mr. Rivers is a pretrial detainee in the Mahoning County Justice Center awaiting trial in Trumbull County on charges of aggravated burglary and having weapons while under disability.  *See State of Ohio v. Rivers*, No. 2020 CR 00292 (Trumbull Cnty Comm. Pl. Ct. indictment filed May 27, 2020).  He contends that more than 270 days have passed with no trial.  He asserts that he is being denied due process and a speedy trial.  He requests that this Court conduct a review of the speedy trial calculation and grant relief that is proper.

**STATEMENT OF FACTS**

Mr. Rivers's petition does not contain much factual information.  He was arrested in Champion, Ohio on March 26, 2020 and charged in the Warren Municipal Court with aggravated burglary and having weapons while under disability.  He was bound over to the Trumbull County Court of Common Pleas on April 6, 2020.  The

grand jury returned an indictment on May 27, 2020. Much of the trial court docket (ECF No. 1-2) is devoted to bond forfeiture proceedings; however, it also lists several speedy trial tolling events. At least one of those events was related to the Covid-19 pandemic. Petitioner contends that more than 270 days have passed and he has not received a trial. He does not specify which day or event he is using as the starting point for his calculation. He also asserts that he is being denied due process. He indicates that he requested that the public defender withdraw from his case because he believes the attorney is not adequately protecting his rights.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the ppppetition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding

that district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## ANALYSIS

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *See Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Although Section 2241 establishes jurisdiction in the federal courts to consider such petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other procedures available to the petitioner. *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1042–44 (S.D. Ohio 2011). Abstention from the exercise of habeas jurisdiction is justified by principles of comity. The rule of abstention used in conjunction with the requirement of exhaustion of State court remedies provide the State courts with the opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and limit federal judicial interference in State adjudicatory processes. *Id.*; *Younger v. Harris*, 401 U.S. 37, 44 (1971).

There are two exceptions to the general rule of *Younger* abstention for pending State criminal proceedings. The first of those exceptions is a claim that the State prosecution will violate the Double Jeopardy Clause. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000). The second, more relevant, exception involves speedy trial claims. *Justices of Superior Court*, 218 F.3d at 19. Federal courts may consider a speedy trial claim if the petitioner seeks an order

3

requiring a prompt State trial rather than dismissal of the State court action. *Atkins*, 644 F.2d at 546; *Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987). In other words, a distinction is drawn between "a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Dickerson*, 816

Although a remedy may be available under Section 2241 for speedy trial claims like those asserted by Petitioner, he must still exhaust his State court remedies before bringing those claims in federal court. Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under Section 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A) *with* § 2241. Nonetheless, the Sixth Circuit has imposed that requirement in the context of Section 2241 to accommodate principles of federalism. *Phillips v. Hamilton Cnty. Ct. of Comm. Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). Pretrial detainees proceeding under Section 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). Federal courts cannot assume that the State courts will not properly address speedy trial issues presented to them.

In this case, Petitioner has not exhausted his State court remedies. The docket he attached to his petition does not demonstrate that he presented this issue to the trial court or the Ohio appellate courts. Absent exhaustion of State court remedies, this petition is premature.

4

## CONCLUSION

For all the foregoing reasons, the Court **DISMISSES** the petition without prejudice pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal could not be taken in good faith.

**SO ORDERED.**

Dated: June 27, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio